UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES ALLEN FLOYD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BOARD OF ADA COUNTY COMMISSIONERS,<br><br>　　　　Defendants. | Case No. 1:19-CV-00164-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff James Allen Floyd's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case with prejudice.

1.   **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

2. **Factual Allegations**

Plaintiff is a prisoner held in the custody of the Ada County Jail. Prior to his incarceration in the jail in 2014, Plaintiff had failed to pay taxes on his property between 2011 and 2014. After various types of notice to Plaintiff (some correct, some incorrect), the County Treasurer instigated and carried out a tax sale of his property. Plaintiff filed a judicial appeal of the administrative decision of the Ada County Board of Commissioners. The decision was affirmed. Plaintiff then filed an appeal , which was heard by the Idaho Supreme Court. The state district court's decision was upheld on appeal.

This is but a nutshell summary of the state court proceedings. The Idaho Supreme Court's opinion appears on the Court's Docket following this Order.

When the state court proceedings were completed, Plaintiff filed this federal civil rights action alleging that the Idaho administrative agency and Idaho courts violated his due process rights.

3. **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983), the United States Supreme Court held that a plaintiff may not challenge a state court decision by bringing a federal court civil rights action ("*Rooker-Feldman* doctrine."). A

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

federal district court has no jurisdiction "over challenges to state-court decisions, in particular, cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *Id*. The United States Supreme Court made it clear that this "rule applies even though . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* at 486. It appears that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, because he already had the opportunity to have them adjudicated in state court.

The *Rooker-Feldman* doctrine "bars federal courts from exercising subject matter jurisdiction over a proceeding in "which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (citing *Johnson v. De Grandy*, 512, U.S. 997, 1005-06 (1994)). The doctrine bars not only issues heard in the state court action, but "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Mann*, 415 F.3d at 1042 (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)).

However, the *Rooker-Feldman* doctrine "will give way where Congress otherwise grants federal courts the authority to review state court judgments," *id*. at 1047, such as in habeas corpus actions authorized by 28 U.S.C. § 2254. In short, a federal court must not become a court of appeals for a state court decision.

Here, Plaintiff's claims clearly fall under the *Rooker-Feldman* doctrine. The Idaho Supreme Court carefully and thoughtfully addressed Plaintiff's federal due process

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

claims and rejected them. This Court is prohibited from addressing those same (or even very similar) claims anew.[1] Plaintiff's recourse was to timely petition the United States Supreme Court for a writ of certiorari as the court of last resort. It is unclear whether he did that, but, either way, that does not affect this Court's ability to entertain the claims again.

Finally, there is no federal statute permitting the Court to review Plaintiff's claims. Accordingly, this entire case shall be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

2. All pending motions are DENIED as MOOT.

3. The Clerk of Court shall docket the Idaho Supreme Court opinion on Plaintiff's case after docketing the Order in this case.

DATED: August 6, 2019

B. Lynn Winmill
U.S. District Court Judge

---

[1] The Idaho Supreme Court opinion is well-reasoned and well-supported. Plaintiff's arguments would not be successful if this Court addressed the merits here.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**